**UNITED STATES of America**

v.

**Donna L. ITALIANO.**

**Crim. No. 92–00131–02.**

United States District Court,
E.D. Pennsylvania.

Sept. 24, 1992.

---

William C. Nugent, Asst. U.S. Atty., Philadelphia, PA, for plaintiff.

Quentin Z. Brooks, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This case comes before the court on defendant's objections to her pre-sentence report.

Donna L. Italiano entered a plea of guilty to distributing cocaine base and conspiring to do so. These charges grew out of her arrest on October 3, 1991. On that date, she and her co-defendant, Edward Brown, were seen on a Philadelphia street corner standing near a black Cadillac. Several persons approached Brown and handed him money. In each instance, Brown then reached into the trunk of the car, removed a small object, and handed it to the person from whom he had received the money.

An undercover police officer approached Brown. After a brief conversation, Brown motioned to Ms. Italiano who then reached into her pocket and removed three clear vials that subsequent testing showed to have co-

caine base. She handed them to the officer who in turn gave $15. to Brown.[1]

A team of officers then arrested Brown and Ms. Italiano. In the trunk of the car the officers found a loaded semi-automatic rifle and 200 vials containing cocaine base. The vehicle, which proved to be inoperable, was registered in Ms. Italiano's name. When Ms. Italiano plead guilty, the government stipulated that the cocaine base actually given by Ms. Italiano to the undercover officer weighed between 500 milligrams and one gram. The total weight of cocaine base, however, including that in the car trunk was 10.6 grams.

The defendant objected to the guideline computations as set forth in the following paragraphs of the pre-sentence report:

| | |
|---|---|
| (19) Offense level, based on 5 to 20 grams of cocaine base, as provided in section 2D1.1(c)(9) | 26 |
| (21) Adjustment for role in offense, provision for which is made in section 3B1.2 | 0 |
| (20) Enhancement for gun possession as provided for in section 2D1.1(b)(1) | 2 |
| (23) Adjustment for obstruction of justice as provided for in section 3C1.1 | 2 |
| (25) Adjustment for acceptance of responsibility as provided for in section 3E1.1 | 0 |
| | 30 |

I will consider each of these objections in turn.

██ In paragraph 19, the probation officer concluded that the applicable offense level was 26. Defendant challenges this finding on the basis of her stipulation with the government that "the quantity of cocaine base involved in the offenses to which the defendant is to plead guilty is more than 500 milligrams

---

1. Although both Brown and Ms. Italiano dispute where the drug sale actually took place, its actual locus—on the street or in a nearby house—is of no difference.

but less than one gram, and therefore that the offenses carry a base level under the Sentencing Guidelines of 16." Nonetheless, the defendant and the government recognized that their stipulations were not binding on the court or the probation officer. It follows that I must make my own computation.

■ Under the guidelines, a defendant's sentence in a drug case will depend in large part on the quantity of drugs deemed relevant to the offense. The question here is whether the cocaine base that was in the car is relevant to Ms. Italiano's conduct.

In *United States v. Collado, et al.*, 975 F.2d 985 (3d Cir.1992), the court of appeals held that in determining "whether a particular defendant may be held accountable for amounts of drugs involved in transactions conducted by a co-conspirator depends upon the degree of the defendant's involvement in the conspiracy and, of course, reasonable foreseeability with respect to the conduct of others within the conspiracy."

When I apply that test to Ms. Italiano's conduct, it is obvious that all of the drugs must be attributed to her. She was an active participant in a series of sales with Brown. The drugs were in the trunk of the car, available to either or both of them. Since sales were on-going, she must have foreseen there was a larger quantity nearby from which her pocket could be replenished. It follows that the probation officer correctly applied section 2D1.1(c)(9) in paragraph 19 to determine that the base offense level was 26.

■ Counsel for Ms. Italiano contended that Ms. Italiano was only a bit-player in her co-defendant's total drug and weapons activity and therefore should have her point total reduced under the provisions of section 3B1.2 that deals with a defendant's role in the offense. I must reject that argument. Ms. Italiano's part in the events that took place at the time and place that lead to her arrest was neither minimal nor minor. She is not entitled to any reduction under section 3B1.2.

■ Ms. Italiano next argues it was error to enhance her point total in paragraph 20 for the possession of the gun found in the trunk of the car.

Paragraph 20 of the pre-sentence report refers to section 2D1.1(b)(1). That section directs a two-level enhancement if a dangerous weapon (including a firearm) was possessed. Paragraph 20 notes that "the defendant admitted to this writer that she was aware the defendant had a weapon, but she was not aware he had the weapon in the truck (sic) of the vehicle."

Application note 3, section 2D1.1(1), provides that the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present . . .

The problem here is that the defendant did not possess the gun—it was merely in her car and while she admits that she knew her co-defendant owned a weapon, there was nothing to show she was aware of the fact that he had it in the car.

She was not seen to go to the car or take anything from the trunk. While it is true the car was registered in her name, it was inoperable, and there was no evidence of how long the gun had been there. At most defendant may have been aware of its presence, but knowledge and possession are not the same. The guidelines penalize for the latter. The enhancement in the pre-sentence report was improper.

■ Paragraphs 25 and 23 of the pre-sentence report can best be considered together. In them, the probation officer dealt with the defendant's violations of her bail-conditions. In paragraphs 11 and 16, the pre-sentence officer reports on the defendant's becoming a fugitive. Subsequently, she was arrested, bail was revoked, and she was detained pending sentencing. Based on these events, the probation officer in paragraph 23 added two points for the obstruction of justice, relying on section 3C1.1, and in paragraph 25 refused to reduce the point level for acceptance of responsibility.

As the probation officer correctly observes, application notes 3 and 4 of section 3E1.1 deal with conduct that is inconsistent with the concept of acceptance of responsibility. Application note 4 provides that conduct re-

sulting in an enhancement under section 3C1.1, obstructing or impeding the administration of justice, ordinarily indicates that the defendant has not accepted responsibility for criminal conduct and no reduction will be allowed. On this basis, the probation officer determined that the reduction of two points for the acceptance of responsibility should not be given because Ms. Italiano obstructed justice by failing to comply with her bail conditions.

I will first consider the seriousness of Ms. Italiano's obstruction of justice.

Section 3C1.1, application note 2, provides that conduct that obstructs justice can vary widely. Section 3C1.1 refers to application note 3 as descriptive of conduct for which enhancement is applicable, while application note 4 refers to less serious conduct that can be sanctioned by sentencing within the guideline range.

Application note 3(e) refers to escaping from custody before trial. Application note 4(d) refers to avoiding or fleeing from arrest. Neither application note 3 nor application note 4 refer specifically to failing to comply with the conditions of bail. I conclude, however, that failing to comply with a condition of bail is more like the conduct referred to in application note 4(d), that is, avoiding or fleeing from arrest, then it is to escaping from custody, application note 3(e). I do so on the basis of the other sections of note 3. The conduct there is more serious then failing to comply with bail conditions and becoming a fugitive. For example, application note 3(a) deals with threatening a co-defendant or witness, while 3(b) refers to suborning of perjury, and 3(c) to producing a counterfeit document. The conduct referred to in application note 4 is of a less serious nature, albeit still obstructive of justice. For example, 4(a) refers to providing a false name for an identification document at the time of arrest. Note 4(b) refers to making a false statement while not under oath to a law enforcement officer, and 4(c) refers to providing incomplete or misleading information, not amounting to a material falsehood.

Moreover, by its plain language, application note 3(e) does not apply. Application note 3(e) refers to a person who escapes or attempts to escape from custody before trial. Ms. Italiano was not in custody—she was out on bail, she failed to comply with her bail conditions, and she became a fugitive. Nonetheless, she did not "escape" from "custody."

I therefore conclude that application note 3(e) is not descriptive of Ms. Italiano's conduct, that her offense level should not be enhanced for the obstruction of justice, and that her conduct is more in keeping with that described in application note 4(d), section 3C1.1. In other words, it is conduct that can be sanctioned by sentencing within the guideline range.

█ Paragraph 25 sets forth the probation officer's reasons for not reducing the offense level. This failure to reduce is based upon the probation officer's conclusion that enhancement for obstruction of justice was proper. As I have just concluded, enhancement for Ms. Italiano's obstructive behavior would be improper. It follows that the offense level should be reduced by two for the acceptance of responsibility, it being admitted that in all other respects she would qualify for the reduction of two levels.

In summary, I conclude that the defendant's offense level should be computed as follows:

| | |
|---|---|
| Offense level | 26 |
| Adjustment for role in offense | 0 |
| Enhancement for gun-possession | 0 |
| Adjustment for obstruction of justice | 0 |
| Adjustment for acceptance of responsibility | −2 |
| | 24 |

The pre-sentence report should be corrected accordingly.

An order follows.

## ORDER

AND NOW, this 24th day of September, 1992, the defendant's objections to the guideline-computations contained in the pre-sentence report are sustained in part and overruled in part:

1. The objection to the probation officer's offense-level computation in paragraph 19 of the pre-sentence report is overruled.

2. The objection to the probation officer's failing to deduct four points from the total offense level because the defendant's role in the offense was minimal is overruled. (See section 3B1.2(a)).

3. The objection to the probation officer's failing to deduct two points from the total offense level because the defendant was a minor participant is overruled. (See Section 3B1.2(b)).

4. The objection to paragraph 20 of the pre-sentence report, which refers to section 2D1.1(b)(1) and provides for enhancement for the possession of a dangerous weapon is sustained.

5. The objection to paragraph 23 of the pre-sentence report, which refers to section 3C1.1 and provides for enhancement for obstruction of justice is sustained.

6. The objection to paragraph 25 of the pre-sentence report, which refers to section 3E1.1 but fails to adjust for acceptance of responsibility is sustained.

It is further ordered that the total offense level as set forth in paragraph 26 of the pre-sentence report shall be reduced by six points.